

2012CI12940 -D045

CAUSE NO. 2012-CI-12940

| | | |
|---|---|---|
| KAFAI LEE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff & Counter-Defendant, | § | |
| | § | **45TH** |
| v. | § | ~~57TH~~ JUDICIAL DISTRICT |
| | § | |
| KENNETH LAU, | § | |
| CONNIE ANDREWS, and | § | |
| GOLDEN WOK, LTD., | § | |
| | § | BEXAR COUNTY, TEXAS |
| Defendants & Counter-Plaintiffs. | § | |

## FINAL JUDGMENT

TRIAL OF THE ABOVE-NUMBERED AND CAPTIONED MATTER was had on January 12—15, 2015, in the 45th Judicial District Court, Bexar County, Texas before the Honorable Stephani Walsh. Upon return of the verdict of the jury and determination of findings and conclusions reserved for the Court, the matter is hereby **FINALLY ADJUDGED** as follows:

1.      It is hereby **ORDERED, ADJUDGED, AND DECREED** that Final Judgment be entered in favor of Defendants and Counter-Plaintiffs KENNETH LAU, CONNIE ANDREWS and against Plaintiff and Counter-Defendant KAFAI LEE on all of KAFAI LEE's claims of ownership, partnership, or interest in or involving the Golden Wok-Marbach Restaurant operation and GOLDEN WOK, LTD. It is further **ORDERED, ADJUDGED, AND DECREED** that Plaintiff KAFAI LEE **TAKE NOTHING** on his claims and causes of action the subject of this suit, and that Judgment be entered in favor of KENNETH LAU, CONNIE ANDREWS, and GOLDEN WOK, LTD., and that these Defendants be in all things discharged

from any and all claims of KAFAI LEE, and Defendants go hence without delay and that KAFAI LEE is ordered to pay the taxable costs of court.

2. With regard to KAFAI LEE's conduct in terminating the China Rose restaurant management agreements and moving those agreements and income to KAFAI LEE's company CHR, LLC, KAFAI LEE stipulated, and this Court finds that KAFAI LEE breached his fiduciary duties owed to KENNETH LAU, CONNIE ANDREWS, and CHINA ROSE, LTD. It is hereby **ORDERED, ADJUDGED, AND DECREED** that final judgment be entered against KAFAI LEE in favor of KENNETH LAU and CONNIE ANDREWS for KAFAI LEE's breach of fiduciary duty in terminating the China Rose restaurant management agreements and moving those agreements and income to CHR, LLC,. The parties submitted the finding of damages to the Court, and the Court finds damages in the amount of $8,552.50, in the form of attorneys' fees incurred by KENNETH LAU, CONNIE ANDREWS, and CHINA ROSE, LTD. in the course of business to mitigate the harm caused by KAFAI LEE's conduct. It is therefore **ORDERED, ADJUDGED AND DECREED** that KENNETH LAU, CONNIE ANDREWS, and CHINA ROSE, LTD. recover the sum of $8,552.50 of and from KAFAI LEE as damages suffered by KENNETH LAU, CONNIE ANDREWS, and CHINA ROSE, LTD. as a result of KAFAI LEE's breach of fiduciary duty as found above.

3. With regard to KAFAI LEE'S conduct in terminating the China Rose restaurant management agreements and moving those agreements and income to KAFAI LEE's company CHR, LLC, the jury found that KAFAI LEE acted with specific intent to cause substantial injury to KENNETH LAU, CONNIE ANDREWS, and CHINA ROSE, LTD. Prior to submitting the case to the jury, the parties stipulated that the equitable remedy of forfeiture would be submitted to the Court following the return of the jury's verdict. The Court, after presiding over the trial,

2

2090

and after reviewing the evidence and considering the jury's answers, finds and hereby **ORDERS, ADJUDGES, AND DECREES** that KAFAI LEE forfeit his ownership interest in the China Rose entities, including China Rose, Ltd., and China Rose Management, LLC. The Court finds, notwithstanding the jury's answers to Questions 7(b) and 8(b), that KAFAI LEE's admitted fiduciary breaches were of such significance that substantial injury and harm was caused to China Rose, Ltd. and its ability to function and operate as an ongoing partnership. It is **ORDERED, ADJUDGED, AND DECREED** that KAFAI LEE forfeit all ownership interest in the above named China Rose entities. By entry of this Judgment, KAFAI LEE no longer holds any ownership interest in China Rose, Ltd. and China Rose Management, LLC.

4.      With regard to KAFAI LEE's conduct surrounding the "First Amendment" to the three China Rose restaurant management agreements, the Court finds that KAFAI LEE violated his fiduciary duty to KENNETH LAU, CONNIE ANDREWS, and CHINA ROSE, LTD. As a result, and by this Judgment, the Court disregards the Jury's answer to Question 5, in which the Jury answered "No" to KAFAI LEE having breached his fiduciary duty in that regard. The Court further finds that the damages suffered by CHINA ROSE, LTD. in the form of lost compensation in the past caused by the breach of fiduciary duty when KAFAI LEE procured the "First Amendment" to the three restaurant management agreements is $452,000.00. It is therefore **ORDERED, ADJUDGED AND DECREED** by the Court that CHINA ROSE, LTD. recover $452,000.00 of and from KAFAI LEE as damages suffered by CHINA ROSE, LTD. as a result of KAFAI LEE's breach of fiduciary duty as found above.

5. a. IT IS FURTHER **ORDERED, ADJUDGED AND DECREED,** and found by the Court that KENNETH LAU and CONNIE ANDREWS have and recover reasonable and necessary attorneys fees in the amount of $107,505 from KAFAI LEE, which the Court finds are

3

2091

reasonable and necessary as KENNETH LAU and CONNIE ANDREWS prevailed and such amounts are reasonable and necessary and supported by the evidence.

b. IT IS FURTHER **ORDERED, ADJUDGED AND DECREED,** and found by the Court that KENNETH LAU and CONNIE ANDREWS have and recover reasonable and necessary attorneys fees in the amount of $30,000 from KAFAI LEE, which the Court finds are reasonable and necessary if KAFAI LEE appeals this case to the Court of Appeals and if KENNETH LAU and CONNIE ANDREWS prevail in such appeal, and such amounts are reasonable and necessary and supported by the evidence.

c. IT IS FURTHER **ORDERED, ADJUDGED AND DECREED,** and found by the Court that KENNETH LAU and CONNIE ANDREWS have and recover reasonable and necessary attorneys fees in the amount of $25,000 from KAFAI LEE, which the Court finds are reasonable and necessary if KAFAI LEE appeals this case to the Texas Supreme Court and if KENNETH LAU and CONNIE ANDREWS prevail in such appeal, and such amounts are reasonable and necessary and supported by the evidence.

d. IT IS FURTHER **ORDERED, ADJUDGED AND DECREED,** and found by the Court that CHINA ROSE, LTD. have and recover reasonable and necessary attorneys fees in the amount of $50,590.00 from KAFAI LEE, which the Court finds are reasonable and necessary as CHINA ROSE, LTD. prevailed and such amounts are reasonable and necessary and supported by the evidence.

e. IT IS FURTHER **ORDERED, ADJUDGED AND DECREED,** and found by the Court that CHINA ROSE, LTD. have and recover reasonable and necessary attorneys fees in the amount of $20,000 from KAFAI LEE, which the Court finds are reasonable and necessary if

4

2092

KAFAI LEE appeals this case to the Court of Appeals and if CHINA ROSE, LTD. prevails in such appeal, and such amounts are reasonable and necessary and supported by the evidence.

f. IT IS FURTHER **ORDERED, ADJUDGED AND DECREED,** and found by the Court that CHINA ROSE, LTD. have and recover reasonable and necessary attorneys fees in the amount of $15,000 from KAFAI LEE, which the Court finds are reasonable and necessary if KAFAI LEE appeals this case to the Texas Supreme Court and if CHINA ROSE, LTD. prevails in such appeal, and such amounts are reasonable and necessary and supported by the evidence.

6. IT IS FURTHER **ORDERED, ADJUDGED AND DECREED** by the Court that KENNETH LAU, CONNIE ANDREWS, and CHINA ROSE, LTD. have and recover prejudgment interest on damages sustained in the past at a rate of five percent, beginning 11-21-12 and continuing until the date this Judgment is signed. This Judgment shall also bear post-judgment interest at the rate of 5% percent.

7. IT IS FURTHER **ORDERED, ADJUDGED AND DECREED** by the Court that all costs of court expended or incurred in this cause incurred by the KENNETH LAU, CONNIE ANDREWS, and CHINA ROSE, LTD., are hereby adjudicated against KAFAI LEE, including all writs of process for the enforcement and collection of this judgment or the cost of court which may issue as necessary.

All relief not expressly granted herein is denied. This judgment finally disposes of all parties and all claims in the above-captioned and numbered matter and is appealable.

SIGNED AND ENTERED THIS 26 DAY OF FEBRUARY, 2015.

_Stephani A. Walsh_
THE HONORABLE STEPHANI WALSH

5

2093

LANG LAW FIRM, P.C.
13409 N.W. Military Hwy., Suite 210
San Antonio, Texas 78231
Telephone: (210) 479-8899
Telecopier: (210) 479-0099
By: _____
SYLVAN S. LANG, JR.
State Bar No. 11898700

*As to form only!*

ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS,
KENNETH LAU and CONNIE ANDREWS

PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, Texas 78209
Telephone: (210) 820-0833
Telecopier: (210) 820-0929
By: _____
Todd A. Prins
State Bar No. 16330400

ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT,
KAFAI LEE

LAW OFFICES OF BRUCE J. MERY
8118 Ariel House
San Antonio, Texas 78229
Telephone: (210) 614-6400
Telecopier: (210) 614-6401
By: _____
BRUCE J. MERY
State Bar No. 13968895

ATTORNEYS FOR DEFENDANT/ COUNTER-PLAINTIFF, GOLDEN WOK, LTD

LAW OFFICES OF THOMAS G. KEMMY
322 W. Woodlawn Avenue
San Antonio, Texas 78212
Telephone: (210) 735-2233
Telecopier: (210) 736-9025
By: _____
THOMAS G. KEMMY
State Bar No. 11254600

ATTORNEYS FOR INTERVENORS
CHINA ROSE, LTD. and CHINA ROSE MANAGEMENT, LLC

2094